IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

OTIS D. WITHERSPOON, *

    Plaintiff *

v. *

                                        CIVIL NO. JKB-19-1852

BALT. CITY TRANSP. DIV., *

    Defendant *

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

This case has been reassigned to the undersigned. Plaintiff Otis D. Witherspoon filed a complaint against an entity he names as Baltimore City Transportation Division on June 24, 2019, claiming he is entitled to damages in excess of $75,000 based on Defendant's selling of his truck without notice; Witherspoon says he is a citizen of New Jersey and, thus, claims diversity jurisdiction. (ECF No. 1.) After paying the filing fee, Witherspoon was granted *in forma pauperis* ("IFP") status and his filing fee was returned. (ECF Nos. 6, 7.) Because he was proceeding IFP, he was directed to provide a completed summons with service information for Defendant so that the U.S Marshal ("USMS") could serve the Defendant. (ECF No. 7.)

On the summons provided by Witherspoon, he indicated the name of the party to be served was the Baltimore City Transportation Division and the address at which service was to be made was "6700 Pulaski Hgway, Baltimore County." (ECF No. 11.) The USMS modified the address to include the city, state, and zip code as "Balto. Md. 21237" and sent the service of process by certified mail, with restricted delivery. (ECF No. 12.) Subsequently, the U.S. Postal Service sent a tracking notice to the USMS with the following information: "Your item was delivered to an individual at the address at 11:24 am on September 27, 2019 in Rosedale, MD 21237." (*Id.*) This

tracking notice, the summons, and the USMS Service of Process form were docketed under the description, "Summons Returned Executed." (*Id.*) The docket entry was noted by the Clerk to include October 18, 2019, as the date Defendant's answer was due to be filed. (Dkt. Ent. Oct. 2, 2019.) No answer has been filed.

In various filings, Witherspoon asks the Court to grant him a default judgment, including punitive damages. (ECF Nos. 16, 20, 22-1.) His request rests on his incorrect assumption that Defendant was properly served but failed to file an answer.

Although, superficially, Witherspoon has effectuated service by having the USMS mail, by certified mail, restricted delivery, the summons and complaint to the named entity at an address provided by him, the Court finds service has *not* occurred in the manner required by the Federal Rules of Civil Procedure. In Federal Rule 4(j)(2),

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Witherspoon did not direct that service be made upon the chief executive officer of Defendant, and mailing documents to the agency generally does not suffice for proper service upon Defendant pursuant to Federal Rule 4(j)(2)(A). As well, Witherspoon did not direct that service be made upon the correct individual as permitted by Maryland Rule 2-124(*l*), which allows service upon a local governmental entity by serving the resident agent designated by the local entity. Again, simply mailing something to the agency does not accomplish the required service upon Defendant pursuant to Federal Rule 4(j)(2)(B).

As for the "summons returned executed," the Court concludes that the U.S. Postal Service tracking notice, merely indicating that "an individual" received delivery, is insufficient to indicate

that service was properly made upon either the chief executive officer of Defendant or Defendant's designated resident agent. *See Johnson v. Balt. Cty.*, Civ. No. DKC-19-1931, ECF No. 24 (Mem. & Order, Nov. 20, 2019). The Clerk will be directed to modify the docket entry to account for this deficiency.

Even though Witherspoon is granted IFP status, he remains responsible for ensuring that service is accomplished according to applicable rules, and thus far, he has not done so. He is responsible for providing the name of the individual who is either Defendant's chief executive officer or Defendant's designated resident agent for service of process. That information, as well as the address, must be legibly set forth on the USMS Service of Process form, and he must provide another copy of the complaint so that service may be completed. The USMS must ensure that the return of service shows service upon the named individual, not simply "an individual." The latter is not acceptable to demonstrate proper service.

Accordingly, it is hereby ORDERED:

1. To the extent Witherspoon has requested entry of default or default judgment (ECF Nos. 16, 20, 22-1), his request is DENIED WITHOUT PREJUDICE.
2. The Clerk SHALL AMEND the docket entry for October 2, 2019, to reflect that the summons returned was "unexecuted."
3. The Clerk SHALL PROVIDE Witherspoon with a blank U.S. Marshal Service of Process form (Form 285) and a blank summons.
4. Within 21 days of the date this order is signed, Witherspoon shall complete the U.S. Marshal Service of Process form and the summons and return both to the Clerk of Court, along with a copy of his complaint.

5. The Clerk SHALL PROVIDE the Service of Process form, the completed summons, the copy of the complaint, and **a copy of this Memorandum and Order** to the U.S. Marshal, who shall complete service upon Defendant in compliance with the Court's directives herein and promptly provide proof of the same to the Clerk.

DATED this 20 day of December, 2019.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
Chief Judge